# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES E. THOMAS, JR., | CASE NO. 1:10-cv-00054-SKO PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE DUE PROCESS CLAIM |
| v. | |
| M. T. DOTSON, et al., | |
| Defendants. | (Doc. 1) |
| | THIRTY-DAY DEADLINE |

## Screening Order

**I.     Screening Requirement and Standard**

Plaintiff Charles E. Thomas, Jr., a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 11, 2010. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 129 S.Ct. at 1949; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

## II.   Plaintiff's Claims

### A.   Allegations

Plaintiff, who is currently incarcerated at California State Prison-Corcoran in the Security Housing Unit (SHU), brings this action against prison officials based on events which led to his 2007 re-validation as an active member of the Black Guerilla Family (BGF) prison gang. Plaintiff names Correctional Sergeant M. T. Dotson, Correctional Officer and Institutional Gang Investigator J. Campbell, Chief Deputy Warden R. Davis, Inmate Appeals Coordinator R. Chavez, Associate Warden K. Santoro, Inmate Appeals Branch Chief N. Grannis, Correctional Counselor S. Isaac, and Special Services Unit Agent T. Rosenkrans as defendants.

Plaintiff was validated as an active member of the BGF in 1998, and in 2005, he was validated as an inactive member of the BGF.[1] In 2007, Plaintiff's status was reviewed and he was re-validated as an active BGF member based on the confiscation of a document deemed to be related

---

[1] Plaintiff remained confined in the SHU between his inactive validation in 2005 and his re-validation in 2007.

2

to the teachings of the BGF. It is this re-validation which forms the bases for the claims in this action.

On December 14, 2006, an investigation into Plaintiff's inactive status was initiated, and on April 3, 2007, Defendant Dotson authored a confidential memorandum identifying Plaintiff as being in possession of a document evidencing gang affiliation. (Doc. 1, Comp., court record pp. 36-37.) Plaintiff was issued written notice of the validation source on September 21, 2007, and interviewed by Defendant Campbell on September 25, 2007. (Id., pp. 38-39.) Defendant Campbell recommended that Plaintiff be re-validated and Plaintiff was re-validated by Defendant Rosenkrans on October 3, 2007. (Id., p. 39, 56.)

The document used to re-validate Plaintiff was a short article entitled "Black August 2000: A Story of African Freedom Fighters," which prison officials deemed to be BGF-related because it was about George Jackson, a founding member of the BGF. (Id., p. 37-39.) Defendant Dotson removed the article from an authorized magazine called "It's About Time" during a search of Plaintiff's cell. Plaintiff alleges that the article was also later published in "Prison Focus," another publication inmates are authorized to receive.

Plaintiff denies involvement in gang activity and alleges that he was wrongfully re-validated based solely on the article contained in an authorized publication. Plaintiff denies that the article was about gang activity and contends that he is being punished for his association with other members of his racial group and for his study of the history and culture of his racial group.

    **B.**    **Section 1983 Claims**

        **1.**    **Retaliation**

Plaintiff alleges that Defendants retaliated against him for his "strong indomitable belief in his Afrikan history, culture, heritage, language and religion. . ," and that they have no legitimate penological interest in prohibiting his lawful exercise those beliefs and interests. (Id., pp. 14-15.) "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."

3

Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005)) (quotation marks omitted); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Although Plaintiff alleges that he was re-validated in retaliation for possessing authorized reading material that contained an article celebrating George Jackson, there are no facts supporting the existence of a retaliatory motive. A bare allegation of retaliation is insufficient to support a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

### 2. Eighth Amendment

Plaintiff alleges that the living conditions in the SHU violate the Eighth Amendment, which protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff's complaint does not set forth any facts supporting a claim that any of the named defendants knowingly disregarded a substantial risk of harm to his health or safety. In the absence of sufficient facts to support a plausible claim against one or more of the defendants, Plaintiff fails to state a claim.

### 3. Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03

(9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Although Plaintiff alleges that he was discriminated against, he sets forth no facts supporting the claim that Defendants intentionally discriminated against him based on his race. Accordingly, Plaintiff fails to state a viable equal protection claim.

### 4. Due Process

#### a. Effect of Castillo Settlement Agreement

Finally, Plaintiff alleges his due process rights were violated. In part, Plaintiff contends that he was re-validated in violation of the settlement agreement in the Castillo case.[2] However, Plaintiff may not rely upon the violation of that settlement agreement to state a claim under section 1983 because the agreement did not have the effect of creating or expanding Plaintiff's constitutional rights. See Cagle v. Sutherland, 334 F.3d 980, 986-87 (9th Cir. 2003) (consent decrees often go beyond constitutional minimum requirements, and do not create or expand rights); Green v. McKaskle, 788 F.2d 1116, 1123 (5th Cir. 1986) (remedial decrees remedy constitutional violations but do not create or enlarge constitutional rights). Therefore, Plaintiff's references to the Castillo settlement agreement are disregarded.

#### b. Legal Standard

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake. Wilkinson, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more

---

[2] The Court takes judicial notice of case number 3:94-cv-02847-MJJ (N.D.Cal.), Castillo v. Marshall, et al.

5

adverse conditions of confinement, id. at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, id. at 222-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Wilkinson, 545 U.S. at 221 (citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Based on Plaintiff's general allegations regarding SHU conditions, the Court will assume, at the screening stage, the existence of a liberty interest in being free from an indeterminate SHU term. See Wilkinson, 545 U.S. at 223-24 (finding a liberty interest in avoiding indefinite confinement in Ohio's "Supermax" facility). The inquiry then becomes what process is due. Id. at 224.

The assignment of validated gang members and associates to the SHU is an administrative measure rather than a disciplinary measure, and is "essentially a matter of administrative discretion." Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003) (quoting Munoz v. Rowland, 104 F.3d 1096, 1098 (9th Cir. 1997)). As a result, prisoners are entitled to the minimal procedural protections of adequate notice, an opportunity to be heard, and periodic review. Bruce, 351 F.3d at 1287 (citing to Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986), abrogated in part on other grounds by Sandin, 515 U.S. 472). In addition to these minimal protections, there must be "some evidence" supporting the decision. Id. (citing Superintendent v. Hill, 472 U.S. 445, 454, 105 S.Ct. 2768 (1985)). Although discussed in the context of a disciplinary hearing, the Ninth Circuit has stated that under the Hill standard, the evidence should have some indicia of reliability. Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987).

**c.  Discussion**

Plaintiff's complaint contains no allegations supporting the existence of a due process claim arising out of the failure to provide him with notice and an opportunity to be heard. However, Plaintiff challenges his re-validation based solely upon the existence of a short article contained in

a magazine which prisoners are authorized to receive and possess, and Plaintiff denies that the article constituted gang activity. Construed in the light most favorable to Plaintiff, his complaint sets forth a viable claim against Defendants Campbell and Rosenkrans for their direct involvement in re-validating him without the existence of some evidence having an indicia of reliability. (Comp., court record p. 37-39.) However, Plaintiff does not state a claim against any of the other named defendants.

Liability under section 1983 requires a showing of personal involvement, Iqbal, 129 S.Ct. at 1949, and based on Plaintiff's allegations and exhibits, it appears that Defendants Campbell and Rosenkrans were the critical decision makers in Plaintiff's re-validation, see e.g., Perez v. Woodford, No. CV-1-06-610-MHM, 2010 WL 3943536, at *7 (E.D.Cal. Oct. 1, 2010) (discussing the critical decision maker in the gang validation context); Avina v. Medellin, No. CIV S-02-2661-FCD KJM P, 2010 WL 3516343, at *5-6 (E.D.Cal. Sept. 3, 2010); Madrid v. Gomez, 889 F.Supp. 1146, 1276 (N.D.Cal. 1995). Although Defendant Dotson confiscated the article from Plaintiff's cell and wrote the confidential memorandum used to support the re-validation, there is no indication that he was one of the critical decision makers in the re-validation process and his action in confiscating the article, alone, provides no basis for the imposition of liability under section 1983.

The basis for the claim against Defendant Isaacs is not clear. Plaintiff alleges that Defendant Isaacs arranged for Plaintiff's personal appearance at an institutional classification committee hearing on October 26, 2006. That meeting predated Plaintiff's re-validation, however, and there are no other facts pled which would support the existence of any viable claim against Defendant Isaacs.

Finally, the remaining defendants were involved in resolution of Plaintiff's administrative appeals of the decision to re-validate him. Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted). Defendants Davis, Chavez, Santoro, and Grannis were not personally involved in re-validating Plaintiff without due process, Iqbal, 129 S.Ct. at 1949; Jones, 297 F.3d at 934, and the existence of a grievance process does not create a protected liberty interest entitling Plaintiff to a particular result, Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann

v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). While the Court recognizes there are circumstances in which those involved in the appeals process might be subject to liability under section 1983, this situation does not present such a circumstance. Defendants Davis, Chavez, Santoro, and Grannis's consideration of Plaintiff's administrative appeal of the re-validation does not render them liable under section 1983 for the original act of re-validating Plaintiff without due process of law.

### C. Violations of State Law

In addition to his federal claims, Plaintiff makes general references in his complaint concerning the violation of the Castillo settlement agreement, Title 15 regulations, and mandatory duties, which appear to be directed at possible claim(s) under state law.[3] As set forth in subsection 4(a), Plaintiff may not seek to impose liability on Defendants for violation of the Castillo settlement agreement. Further, the Court is unaware of any authority for the proposition that there exists a private right of action available to Plaintiff for violation of Title 15 regulations. E.g., Parra v. Hernandez, No. 08cv0191-H (CAB), 2009 WL 3818376, at *8 (S.D.Cal. Nov. 13, 2009); Davis v. Kissinger, No. CIV S-04-0878 GEB DAD P, 2009 WL 256574, at *12 n.4 (E.D.Cal. Feb. 3, 2009), adopted in full, 2009 WL 647350 (Mar. 10, 2009). Finally, Plaintiff sets forth no facts in support of a viable claim arising out of the violation of any mandatory duty owed to him. See Cal. Govt. Code § 815.6 (West 2011) (providing for liability against a public entity for violation of a mandatory duty); Cal. Govt. Code § 844.6(a)(2) (West 2011) (public entities immune from liability for injuries to prisoners).

To the extent Plaintiff believes, in good faith, that he can amend to state a viable tort claim under California law, he is further notified that California's Tort Claims Act requires claim exhaustion with the California Victim Compensation and Government Claims Board and compliance must be specifically alleged. Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San

---

[3] The Court may exercise supplemental jurisdiction over state law claims if there exists a viable federal claim upon which to base original jurisdiction. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). Although Plaintiff alleges exhaustion of the inmate appeals process, he does not state he complied with the California Tort Claims Act.

### III. Conclusion and Order

Plaintiff's complaint states a cognizable due process claim against Defendants Campbell and Rosenkrans, but it fails to state any other claims for relief under section 1983 and it fails to state any claims for relief under state law. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order, to the extent they are curable. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendants Campbell and Rosenkrans on his due process claim, Plaintiff may so notify the Court in writing, and his other claims will be dismissed. Plaintiff will then be provided with two summonses and two USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendants Campbell and Rosenkrans.

If Plaintiff elects to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S.Ct. at 1948-49; Jones, 297 F.3d at 934. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an

amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, or

    b. Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only against Defendants Campbell and Rosenkrans on his due process claim; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   May 4, 2011**                       /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE