# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES E. THOMAS, JR.,<br><br>    Plaintiff,<br><br>  v.<br><br>M. T. DOTSON, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:10-cv-00054-AWI-SKO (PC)<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAIULRE TO PROSECUTE, AND DENYING PENDING MOTION AS MOOT<br><br>(Docs. 28 and 30) |

Plaintiff Charles E. Thomas, Jr. ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 10, 2011. This action is proceeding against Defendants Campbell and Rosenkrans ("Defendants") for violating Plaintiff's federal due process rights in 2007 as related to his prison gang re-validation.

Defendants filed a motion for summary judgment on April 21, 2014. Fed. R. Civ. P. 56. Plaintiff did not respond to the motion and on June 6, 2014, the Court issued an order requiring Plaintiff to file an opposition or a statement of non-opposition to Defendants' motion within thirty days. Local Rule 230(*l*). More than thirty days have passed, and Plaintiff has not complied with or otherwise responded to the order.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

(5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted).

"The public's interest in expeditious resolution of litigation always favors dismissal," *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citation and internal quotation marks omitted), and Court's need to manage its docket weighs in favor of dismissal, as "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants," *Pagtalunan*, 291 F.3d at 642 (citation and internal quotation marks omitted). However, the Court is constrained to find that the prejudice factor weighs against dismissal because the mere pendency of an action does not constitute prejudice; and public policy favors disposition on the merits, which weighs against dismissal. *In re PPA*, 460 F.3d at 1228; *Pagtalunan*, 291 F.3d at 642-43.

Nevertheless, there are no alternative sanctions which are satisfactory. *In re PPA*, 460 F.3d at 1228-29; *Pagtalunan*, 291 F.3d at 643. A monetary sanction has little to no benefit in a case in which the plaintiff is proceeding in forma pauperis, and based on Plaintiff's failure to comply with or otherwise respond to the Court's order, the Court is left with no alternative but to dismiss the action for failure to prosecute. *Id.* This action, which has been pending since 2010, requires Plaintiff's cooperation in its prosecution, the action cannot simply remain idle on the Court's docket, and the Court is not in a position to expend its scant resources resolving an unopposed motion in light of Plaintiff's demonstrated disinterest in continuing the litigation. *Id.*

Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to prosecute; and Defendants' motion for summary judgment is DENIED as moot. *In re PPA*, 460 F.3d at 1226; Local Rule 110.

IT IS SO ORDERED.

Dated: July 23, 2014                          _____
                                              SENIOR DISTRICT JUDGE